# 23-435

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

◆━━◆━━◆

CRISTIAN RODRIGUEZ,

*Plaintiff-Appellant,*

—v.—

ALEJANDRO MAYORKAS, UR MENDOZA JADDOU,
CHIEF ADMINISTRATIVE SUSAN DIBBINS,

*Defendants-Appellees.*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR THE DEFENDANTS-APPELLEES

BREON PEACE
*United States Attorney*
*Eastern District of New York*
271-A Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6188

VARUNI NELSON
CHRISTOPHER D. VOLPE
*Assistant United States Attorneys,*
    *Of Counsel.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ........................... 3

STATEMENT OF THE CASE ............................................................................. 4

    A.    Statutory and Regulatory Framework Surrounding the
         U Visa Program ................................................................................. 4

    B.    Factual Background and Administrative Proceedings ......................... 6

        1.    Rodriguez's application for a waiver of inadmissibility
             and petition for a U visa ...................................................... 6

        2.    USCIS's denials of Rodriguez's application for a
             waiver of inadmissibility and petition for a U visa ................... 8

    C.    District Court Proceedings ................................................................ 10

SUMMARY OF THE ARGUMENT .................................................................... 11

ARGUMENT ..................................................................................................... 14

    THE DISTRICT COURT'S JUDGMENT SHOULD BE AFFIRMED ....... 14

    A.    Judicial Review of the Denial of Rodriguez's Application for
         a Waiver of Inadmissibility is Not Available; the APA Does
         Not Apply Where Another Statute "Preclude[s] Judicial
         Review," 5 U.S.C. § 701(a)(1), and 8 U.S.C. 1252(a)(2)(B)
         Is Such a Statute ............................................................................... 15

        1.    Section 1252(a)(2)(B) prohibits judicial review of
             denials of discretionary relief, including decisions
             concerning waivers of inadmissibility ..................................... 16

            a.    Rodriguez cannot manufacture jurisdiction by
                 alleging that USCIS committed "non-
                 discretionary" errors in the course of denying
                 his inadmissibility waiver ................................................ 20

b.    The district court lacked jurisdiction over the supposed legal errors cited by Rodriguez because Section 1252(a)(2)(D) only preserves judicial review of legal or constitutional claims raised in a petition for review .........................................29

B.    Judicial Review of the Denial of Rodriguez's Application for a Waiver of Inadmissibility Also is Foreclosed by 5 U.S.C. § 701(a)(2) .........................................................................31

C.    The District Court Correctly Held That Rodriguez Had Failed to State a Claim With Respect to the Denial of His U Visa Petition; His Continued Inadmissibility Renders Him Ineligible for a U Visa as a Matter of Law.........................................33

CONCLUSION ......................................................................................36

# TABLE OF AUTHORITIES

## Cases

*Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023) .............................................25

*AES Sparrows Point LNG, LLC v. Wilson*, 589 F.3d 721 (4th Cir. 2009) .............35

*Agyapomaa v. Mayorkas*, --- F. Supp. 3d ---, 2023 WL 4205144
(D. Conn. June 27, 2023) .......................................................................................24

*Ahmed v. Holder*, 624 F.3d 150 (2d Cir. 2010) ............................................. 19, 26

*Avendano-Espejo v. Department of Homeland Security*,
448 F.3d 503 (2d Cir. 2006).....................................................................................29

*Azatullah v. Mayorkas*, No. 20-cv-1069, 2023 WL 5935028
(S.D.N.Y. Sept. 12, 2023) ............................................................................ 23, 24, 25

*Brasil v. Secretary of Homeland Security*, 28 F.4th 1189 (11th Cir. 2022) ............32

*Firstland Int'l, Inc. v. U.S.I.N.S.*, 377 F.3d 127 (2d Cir. 2004)..............................23

*Flast v. Cohen*, 392 U.S. 83 (1968) ........................................................................34

*Flores v. Garland*, 72 F.4th 85 (5th Cir. 2023) ......................................................33

*Fogo De Chao (Holdings) Inc. v. USDHS*, 769 F.3d 1127 (D.C. Cir. 2014).........35

*Golden v. Zwickler*, 394 U.S. 103 (1969) ...............................................................34

*Kane v. Mt. Pleasant Cent. Sch. Dist.*, 80 F.4th 101 (2d Cir. 2023) ......................14

*Lunney v. United States*, 319 F.3d 550 (2d Cir. 2003) ............................................31

*Mantena v. Johnson*, 809 F.3d 721 (2d Cir. 2015) .................................................23

*Jin Li v. Mayorkas*, 537 F. Supp. 3d 408 (E.D.N.Y. 2021) .............................. 20, 33

*Meridor v. U.S. Att'y Gen.*, 891 F.3d 1302 (11th Cir. 2018)..................................10

*Morina v. Mayorkas*, No. 22-cv-2994, 2023 WL 22617
(S.D.N.Y. Jan. 3, 2023)............................................................................................23

*Mousavi v. USCIS*, 828 F. App'x 130 (3d Cir. 2020).............................................32

*Nouritajer v. Jaddou*, 18 F.4th 85 (2d Cir. 2021) ............................................. *passim*

*Patel v. Garland*, 142 S. Ct. 1614 (2022) ........................................................ 12, 16

*Patel v. Whitaker*, No. 19-cv-4, 2019 WL 13214126
(N.D. Ga. Sept. 16, 2019) ...................................................................................20

*Poursina v. USCIS*, 936 F.3d 868 (9th Cir. 2019) ...................................................32

*Rodriguez v. Barr*, 943 F.3d 134 (2d Cir. 2019)......................................................31

*Saleh v. Blinken*, 2023 WL 5091819 (2d Cir. Aug. 9, 2023)...................................33

*Saloum v. USCIS*, 437 F.3d 238 (2d Cir. 2006).......................................... 12, 18, 28

*Sepulveda v. Gonzales*, 407 F.3d 59 (2d Cir. 2005) ................................................25

*Shabaj v. Holder*, 718 F.3d 48 (2d Cir. 2013) ...................................... 14, 29, 30, 33

*Sharkey v. Quarantillo*, 541 F.3d 75 (2d Cir. 2008)................................................23

*Solorzano v. Sessions*, No. 18-cv-25, 2018 WL 1811792
(N.D. Cal. Apr. 17, 2018) ...................................................................................20

*U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)....................................33

*United States v. Garcia*, 166 F.3d 519 (2d Cir. 1999)............................................28

*United States v. Schiller*, 81 F.4th 64 (2d Cir. 2023)...............................................33

*United States v. Vale*, 566 F. App'x 56 (2d Cir. 2014).............................................34

*Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159  (2d Cir. 2006)...............5

*Vega v. USCIS*, 65 F.4th 469 (9th Cir. 2023) .................................................. 12, 19

*Wallace v. Gonzales*, 463 F.3d 135 (2d Cir. 2006)..................................................28

*Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315 (2d Cir. 2006) ......................35

*Zhu v. Gonzales*, 411 F.3d 292 (D.C. Cir. 2005)....................................................32

iv

## Statutes

5 U.S.C. § 701(a)(1) ........................................................................ 1, 15

5 U.S.C. § 701(a)(1)-(2) .......................................................................11

5 U.S.C. § 701(a)(2) .............................................................................31

5 U.S.C. §§ 701-06 ............................................................................1, 2

6 U.S.C. § 271(b) ..................................................................................5

6 U.S.C. § 557 ......................................................................................5

8 U.S.C. § 1101(a)(15)(U) ................................................................ 2, 4, 5

8 U.S.C. § 1182(a) .................................................................................5

8 U.S.C. § 1182(a)(15)(U) ................................................................ 14, 34

8 U.S.C. § 1182(c) ...............................................................................29

8 U.S.C. § 1182(d) ........................................................................... 16, 17

8 U.S.C. § 1182(d)(3) ....................................................................... *passim*

8 U.S.C. § 1182(d)(3)(A) .................................................................. *passim*

8 U.S.C. § 1182(d)(11) ..........................................................................19

8 U.S.C. § 1182(d)(14) ..................................................................... *passim*

8 U.S.C. § 1252 .....................................................................................3

8 U.S.C. § 1252(a)(2) ...........................................................................15

8 U.S.C. § 1252(a)(2)(B) ...................................................................*passim*

8 U.S.C. § 1252(a)(2)(D) ...................................................................*passim*

**Regulations**

8 C.F.R. § 212.17 ................................................................................6

8 C.F.R. § 212.17(b)(3) ............................................................. 6, 7, 10

8 C.F.R. § 214.1(a)(3)(i) .....................................................................5

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ......................................... 1, 14

Federal Rule of Civil Procedure 12(b)(6) ......................................... 1, 14

## PRELIMINARY STATEMENT

This brief is submitted by Defendants-Appellees Secretary of Homeland Security Alejandro Mayorkas, Director of United States Citizenship and Immigration Services ("USCIS") Ur M. Jaddou, and Chief of the USCIS Administrative Appeals Office ("AAO") Susan Dibbins (collectively, the "Government"). Plaintiff-Appellant Cristian Rodriguez ("Rodriguez") appeals from a memorandum and order of the United States District Court for the Eastern District of New York (Brodie, Ch. J.), dated January 27, 2023, and the corresponding judgment entered on February 1, 2023, granting the Government's motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Joint Appendix ("JA") 62-74; Dist. Ct. Dkt. Nos. 34-36.[1]

In his complaint, Rodriguez challenged, citing the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-06 (the "APA"), two decisions made by USCIS: one denying his application for a waiver of inadmissibility and the other denying his petition for a U nonimmigrant classification (colloquially known as a "U visa"). Judicial review of USCIS's denial of Rodriguez's application for a waiver of inadmissibility is not, however, available under the APA: the APA does not apply where other "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), or where "agency

---

[1] References to "Dist. Ct. Dkt." herein are to the Civil Docket for *Rodriguez v. Mayorkas et al.*, No. 21-cv-3129-MKB (E.D.N.Y.), the district court action underlying this appeal.

action is committed to agency discretion by law," *id.* § 701(a)(2). Here, 8 U.S.C. § 1252(a)(2)(B)(ii) *is* a "statute[] preclud[ing] judicial review": it states that "no court shall have jurisdiction to review" any "decision or action" of the Attorney General or Secretary of Homeland Security, the authority for which is specified to be in their respective discretion. And 8 U.S.C. §§ 1182(d)(3)(A) and 1182(d)(14), pursuant to which Rodriguez applied for a waiver of inadmissibility, expressly state that the decision whether to grant a waiver of inadmissibility is discretionary.

Rodriguez seeks to circumvent this jurisdictional bar by arguing that Congress did not intend to foreclose judicial review of "non-discretionary" legal errors made by USCIS in reaching its discretionary decision. To that end, Rodriguez alleges that USCIS made several "non-discretionary" legal errors in denying his application for a waiver of inadmissibility. Rodriguez further contends that, notwithstanding the denial of his application for a waiver of inadmissibility, which waiver is (as Rodriguez acknowledges) necessary for Rodriguez to be eligible to receive a U visa, the district court should have ruled on the other ground cited by USCIS in denying his petition for a U visa: that Rodriguez was not the victim of "qualifying criminal activity" within the meaning of 8 U.S.C. § 1101(a)(15)(U).

As shown below, the district court correctly held that it lacked jurisdiction over Rodriguez's claims insofar as they challenged USCIS's discretionary denial of his application for a waiver of inadmissibility. The purported "non-discretionary" errors

2

alleged by Rodriguez are nothing more than disputes over USCIS's exercise of discretion but, even if Rodriguez had identified non-discretionary legal errors in USCIS's analysis, the district court would have lacked jurisdiction over those claims pursuant to 8 U.S.C. § 1252(a)(2)(D), which preserves judicial review only as to "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals[]."

Further, upon determining that it lacked jurisdiction to review USCIS's discretionary denial of Rodriguez's application for a waiver of inadmissibility, the district court properly held that Rodriguez had failed to state a claim with respect to the denial of his U visa; the district court recognized that Rodriguez's inadmissibility makes him ineligible for a U visa irrespective of whether he was the victim of "qualifying criminal activity."

As shown below, the district court's decision should be affirmed in all respects.

### STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.     Section 701(a) of the APA expressly states that judicial review of agency action is not available under the APA where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." In 8 U.S.C. § 1252, "[m]atters not subject to judicial review" include, at (a)(2)(B)(ii), any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General

or Secretary of Homeland Security[.]" Both 8 U.S.C. § 1182(d)(3)(A) and § 1182(d)(14), pursuant to which Rodriguez applied for a waiver of inadmissibility, specify that the grant of a waiver of inadmissibility is discretionary. Did the district court therefore correctly hold that it lacked jurisdiction to review the denial of Rodriguez's application for a waiver of inadmissibility?

2.    A petitioner for a U visa must either be admissible to the United States or have the grounds of his or her inadmissibility waived. Did the district court, upon concluding that it lacked jurisdiction to review the denial of Rodriguez's application for a waiver of inadmissibility, properly hold that Rodriguez, who remains inadmissible, had failed to state a claim with respect to the denial of his petition for a U visa?

## STATEMENT OF THE CASE

### A.    Statutory and Regulatory Framework Surrounding the U Visa Program

The U visa program offers non-immigrant status to victims of "qualifying criminal activity" who have cooperated with law enforcement in the investigation or prosecution of such criminal activity. *See* 8 U.S.C. § 1101(a)(15)(U). An individual may be eligible for a U visa if the Secretary of Homeland Security determines that the petitioner meets a number of statutory criteria, including that the individual has experienced "substantial physical or mental pain" as a result of qualifying criminal activity, and that the individual was helpful to law enforcement in the investigation or

prosecution of such criminal activity. *Id.* An individual seeking a U visa must either be admissible to the United States under the Immigration and Nationality Act ("INA") or have had the grounds of his or her inadmissibility waived. *See* 8 U.S.C. § 1182(a) (individuals "who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States[]"); *see also* 8 C.F.R. § 214.1(a)(3)(i) ("Every nonimmigrant alien who applies for admission to, or an extension of stay in, the United States, must establish that he or she is admissible to the United States, or that any ground of inadmissibility has been waived . . . .").

U visa petitioners (such as Rodriguez) who are inadmissible to the United States may apply for a waiver of inadmissibility pursuant to two provisions of the INA. First, 8 U.S.C. § 1182(d)(3)(A)(ii) allows an inadmissible noncitizen to be temporarily admitted "as a nonimmigrant in the discretion of" the Secretary of Homeland Security.[2] Second, 8 U.S.C. § 1182(d)(14) allows the Secretary of Homeland Security to waive a U visa petitioner's ground of inadmissibility if, in his "discretion," he "considers it to be in the public or national interest to do so." Sections 1182(d)(3)(A)(ii) and

---

[2]    Following the Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, certain functions formerly performed by the Immigration and Naturalization Service ("INS"), or otherwise vested in the Attorney General, were transferred to the Department of Homeland Security. *See* 6 U.S.C. § 271(b); *see also Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159 n.1 (2d Cir. 2006). As a result, references to the Attorney General in, for example, Sections 1182(d)(3) and 1182(d)(14), refer – or "shall be deemed" to refer – to the Secretary of Homeland Security. *See* 6 U.S.C. § 557.

1182(d)(14) therefore give the Secretary of Homeland Security discretionary authority over applications for waivers of inadmissibility for those seeking U nonimmigrant status.

Applications for an exercise of discretion in connection with a U visa petition and corresponding inadmissibility waiver application are governed by 8 C.F.R. § 212.17. Pursuant to that regulation, U visa petitioners must submit to USCIS an application for a waiver of inadmissibility along with the U visa petition. *Id.*; *see also* 8 C.F.R. § 212.14(c)(2)(iv) (requiring submission of waiver form "if the petitioner is inadmissible"). USCIS, "in its discretion," may grant a waiver of inadmissibility under either 8 U.S.C. § 1182(d)(3) or 8 U.S.C. § 1182(d)(14). 8 C.F.R.§ 212.17(b). Denials of waivers of inadmissibility may be reopened or reconsidered but may not be appealed to the AAO. 8 C.F.R. § 212.17(b)(3).

## B. Factual Background and Administrative Proceedings

### 1. Rodriguez's application for a waiver of inadmissibility and petition for a U visa

Rodriguez is a citizen of Ecuador currently living in Queens, New York. JA 63.[3] He alleges that he and his family were the victims of a home invasion in November 2011, during which an intruder broke into Rodriguez's home, grabbed a knife from the kitchen, and attempted to enter a locked room in which Rodriguez, his son, and his

---

[3] These factual allegations are taken from the Complaint, JA 1-16, and, in this appeal, are not disputed by the Government.

son's mother were staying. JA 63. Rodriguez cooperated with local law enforcement and the Queens County District Attorney's Office in identifying and prosecuting the perpetrator, who ultimately pleaded guilty to burglary in the second degree. *Id.* The Queens County District Attorney's Office subsequently certified that Rodriguez was helpful to the investigation and prosecution of the perpetrator. *See* JA 8, 63-64.

Approximately four years after the alleged home invasion, Rodriguez submitted a petition for a U visa to USCIS. JA 8-9, 64. Because he was inadmissible to the United States, Rodriguez also submitted a Form I-192, Application for Advance Permission to Enter as a Nonimmigrant, seeking a waiver of inadmissibility under both 8 U.S.C. § 1182(d)(3) and 8 U.S.C. § 1182(d)(14). *See* JA 9, 64. Following the resolution of litigation concerning the pace of USCIS's adjudications, *see generally Rodriguez v. Johnson et al.*, No. 16-cv-7092-MKB-CLP (E.D.N.Y.), USCIS issued a Notice of Intent to Deny ("NOID") Rodriguez's U visa petition because it was not predicated upon a qualifying crime. JA 9-10, 64. USCIS also advised that it intended to deny Rodriguez's corresponding application for a waiver of inadmissibility, noting Rodriguez's own previous arrests and criminal record. JA 9-10, 64. Rodriguez then provided additional information to USCIS regarding the home invasion and his previous arrests in an effort to overcome the bases set forth in the NOID. JA 64-65.

### 2. USCIS's denials of Rodriguez's application for a waiver of inadmissibility and petition for a U visa

USCIS denied Rodriguez's application for a waiver of inadmissibility in January 2019. JA 19-29, 65. In reaching its decision, USCIS explained that it had conducted a criminal history check of Rodriguez and determined that he had been "arrested, cited, detained, or charged with multiple offenses." JA 20. USCIS observed that many of those charges pertained to serious offenses. JA 20. It further noted that Rodriguez had not submitted certain information requested by the NOID, such as the arresting officer's report or the charging document relating to Rodriguez's arrests. JA 20-21, 27. After a lengthy recitation of Rodriguez's criminal history, evidentiary submissions, and legal arguments, including consideration of favorable and mitigating factors, USCIS determined that the equities did not support a favorable exercise of discretion with respect to his application for a waiver of inadmissibility. JA 21-29. Notably, USCIS expressly considered, under *both* 8 U.S.C. § 1182(d)(3)(A)(ii) and 8 U.S.C. § 1182(d)(14), whether an inadmissibility waiver was warranted. JA 21-29. It concluded that a favorable exercise of discretion was not warranted under either provision, and it explicitly stated that "a discretionary decision to waive the grounds of inadmissibility for the purposes of a nonimmigrant admission would [not] be in the public or national interest[.]" JA 29.

USCIS also denied Rodriguez's U visa petition on the same day. JA 30-41, 65. There were two separate and independent reasons for USCIS's decision. First, USCIS

concluded that Rodriguez had not established that he was the victim of qualifying criminal activity, as required by Section 1101(a)(15)(U). JA 31-40. Separately, USCIS explained that, because it had denied Rodriguez's concomitant application for an inadmissibility waiver, Rodriguez was inadmissible to the United States and was therefore statutorily ineligible for a U visa. JA 39-40.

Rodriguez moved to reopen and reconsider the denial of his application for an inadmissibility waiver and sought reconsideration of the denial of his U visa petition. JA 42-48, 49-54. USCIS dismissed both administrative motions. JA 42-48, 49-53. With respect to the application for a waiver of inadmissibility, USCIS's decision dismissing the motion to reopen and reconsider concluded that Rodriguez failed to provide evidence of new facts that would change the result of the prior denial and had failed to identify any legal errors in its analysis. JA 43-48. With respect to the U visa petition, USCIS, in dismissing the motion for reconsideration, reiterated that Rodriguez was not the victim of qualifying criminal activity and that, in any event, Rodriguez was inadmissible to the United States and therefore not eligible for a U visa. JA 49-53.

In April 2019, Rodriguez appealed the denial of his U visa petition to the AAO,[4] arguing that USCIS had committed legal error in concluding that he was not the victim of a qualifying crime. JA 55-61. The AAO disagreed and reaffirmed USCIS's decision on the merits. JA 55-61. The AAO also noted that Rodriguez did not contest that he was inadmissible to the United States and that he had not established that any applicable ground of inadmissibility had been waived. JA 60-61. Accordingly, the AAO dismissed the appeal. JA 61.

### C.    District Court Proceedings

In June 2021, Rodriguez commenced this action in the United States District Court for the Eastern District of New York, seeking review, under the APA, of USCIS's denial of his U visa petition and application for a waiver of inadmissibility. *See* JA 1-16. The Government moved to dismiss the complaint for lack of subject-matter jurisdiction insofar as it challenged USCIS's discretionary denial of Rodriguez's inadmissibility waiver and moved to dismiss for failure to state a claim insofar as it challenged USCIS's denial of Rodriguez's U visa petition. JA 63.

The district court granted the Government's motion in full. The court began by noting that "[w]aivers of inadmissibility under 8 U.S.C. §§ 1182(d)(14) and 1182(d)(3)(A) fall within the discretion of the Secretary of Homeland Security and the

---

[4]    The denial of an inadmissibility waiver is not administratively appealable. *See* 8 C.F.R. § 212.17(b)(3); *see also Meridor v. U.S. Att'y Gen.*, 891 F.3d 1302, 1306 (11th Cir. 2018).

Attorney General, respectively, and are therefore unreviewable" under 8 U.S.C. § 1252(a)(2)(B)(ii). JA 69-71. Further, the court explained in addressing Rodriguez's invocation of the APA that "the APA cannot provide a basis for jurisdiction where the Immigration and Nationality Act precludes a court from reviewing a challenge to USCIS's determination." JA 70. Finally, the court concluded that its inability to review USCIS's denial of Rodriguez's application for an inadmissibility waiver meant that Rodriguez remained inadmissible to the United States and, therefore, is ineligible for a U visa. JA 71. Consequently, the court dismissed the complaint. JA 72. After entry of the judgment, Rodriguez timely commenced this appeal. *See* Dist. Ct. Dkt. Nos. 35-36; JA 73-74.

## SUMMARY OF THE ARGUMENT

The district court correctly dismissed the action upon concluding that it lacked subject-matter jurisdiction to review USCIS's discretionary denial of Rodriguez's application for a waiver of inadmissibility. The APA's waiver of sovereign immunity does not apply where other "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2). Here, both provisions of Section 701(a) preclude review of the denial of Rodriguez's application for a waiver of inadmissibility.

To begin with, under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review" any "*decision or action* of the Attorney General or the Secretary

11

of Homeland Security the authority for which is specified . . . to be in th*e discretion of the Attorney General or the Secretary of Homeland Security*[.]"[5] (Emphasis added.) Rodriguez sought a waiver of inadmissibility under two provisions: 8 U.S.C. § 1182(d)(3)(A) and 8 U.S.C. § 1182(d)(14). As each provision specifies that the decision to grant a waiver of inadmissibility is discretionary, Section 1252(a)(2)(B)(ii) bars judicial review of USCIS's decision. *See, e.g.*, *Saloum v. USCIS*, 437 F.3d 238, 242-43 (2d Cir. 2006); *Vega v. USCIS*, 65 F.4th 469, 470-71 (9th Cir. 2023) (affirming dismissal for lack of subject-matter jurisdiction where USCIS denied waiver of inadmissibility for a U visa petitioner).

Rodriguez attempts to circumvent Section 1252(a)(2)(B)(ii) by arguing that Congress did not mean to foreclose judicial review of non-discretionary determinations underlying the agency's ultimate discretionary decision. But Rodriguez's proposed interpretation is inconsistent with the Supreme Court's recent decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022), which held just the opposite in the analogous context of Section 1252(a)(2)(B)(i). In *Patel*, the Court explained that Section 1252(a)(2)(B)(i) did "not restrict itself to certain kinds of decisions," but rather barred review of *any* judgment regarding the granting of relief, including non-discretionary factual findings made in furtherance thereof. And while *Patel* arose in the context of Section

---

[5]     Subject to certain listed exceptions not relevant here.

1252(a)(2)(B)(i), the language of Section 1252(a)(2)(B)(ii) is even broader. *Compare* 8 U.S.C. § 1252(a)(2)(B)(i) (barring review of "any judgment regarding the granting of relief" under enumerated provisions) *with* 8 U.S.C. § 1252(a)(2)(B)(ii) (barring review of "any other decision or action" which is left to the discretion of the Attorney General or the Secretary of Homeland Security).

In any case, the supposedly non-discretionary errors identified by Rodriguez are nothing more than reframed attacks on USCIS's discretionary weighing of the available evidence. Rodriguez claims that USCIS failed to adequately analyze his inadmissibility waiver application under 8 U.S.C. § 1182(d)(14), gave insufficient weight to his supposed rehabilitation, ascribed too much weight to an allegedly uncorroborated police report, and required him to produce unavailable evidence to verify his claims. *See* Brief for the Plaintiff-Appellant ("Rodriguez Br.") 15-39. But none of those claims implicate a "non-discretionary" statutory requirement; they are merely disagreements with USCIS's substantive discretionary decision. Under this Court's precedents, that is insufficient to provide jurisdiction. *See, e.g.*, *Nouritajer v. Jaddou*, 18 F.4th 85, 90 n.1 (2d Cir. 2021).

Moreover, even if Rodriguez could identify a non-discretionary legal error committed by USCIS, the district court would have still lacked subject-matter jurisdiction. That is because Section 1252(a)(2)(D) only preserves judicial review of "constitutional claims or questions of law raised upon a petition for review filed with

an appropriate court of appeals[.]" "Thus, while *this court* would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not have jurisdiction to review" Rodriguez's challenge to USCIS's denial of his application for a waiver of inadmissibility. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) (emphases in original). Therefore, Rodriguez has not properly brought his claim and this Court is statutorily barred from reviewing it.

Finally, Rodriguez contends that the district court should have ruled on whether he was the victim of a qualifying crime under 8 U.S.C. § 1182(a)(15)(U), notwithstanding the court's separate conclusion that it lacked subject-matter jurisdiction to review the denial of Rodriguez's inadmissibility waiver application. The district court, however, properly declined to render an advisory opinion on that issue.

## ARGUMENT

## THE DISTRICT COURT'S JUDGMENT SHOULD BE AFFIRMED

On appeal from a dismissal pursuant to Rule 12(b)(1), this Court reviews the district court's legal conclusions *de novo* and its factual findings for clear error. *See, e.g.*, *Nouritajer*, 18 F.4th at 88. The plaintiff must prove by a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* Similarly, this Court reviews *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See, e.g., Kane v. Mt. Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 106 (2d Cir. 2023).

**A.**   **Judicial Review of the Denial of Rodriguez's Application for a Waiver of Inadmissibility is Not Available; the APA Does Not Apply Where Another Statute "Preclude[s] Judicial Review," 5 U.S.C. § 701(a)(1), and 8 U.S.C. 1252(a)(2)(B) Is Such a Statute**

Rodriguez seeks review of USCIS's discretionary decision to deny his application for a waiver of inadmissibility. But Congress has unambiguously earmarked certain discretionary agency decisions, such as the adjudication of applications for waivers of inadmissibility, as "[m]atters not subject to judicial review." 8 U.S.C. § 1252(a)(2). As a result, the district court correctly concluded that it lacked subject-matter jurisdiction to adjudicate Rodriguez's claim.

Rodriguez's complaint cited the APA in seeking judicial review of the denial of his application for a waiver of inadmissibility. *See* JA 3; *see also* Rodriguez Br. 2. The APA's limited waiver of sovereign immunity does not apply, however, where other "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Here, another statute — specifically, 8 U.S.C. § 1252(a)(2)(B) — "preclude[s] judicial review." It states that "no court shall have jurisdiction to review" any decision or action of the Attorney General or Secretary of Homeland Security the authority for which is specified to be within their respective discretion, *id.* 1252(a)(2)(B)(ii), and decisions on inadmissibility waivers sought under either Section 1182(d)(3)(A) or Section 1182(d)(14) are squarely committed to agency discretion.

Rodriguez attempts to resist the straightforward application of 8 U.S.C. § 1252(a)(2)(B) by arguing that — notwithstanding the broad jurisdiction-stripping

language of 8 U.S.C. § 1252(a)(2)(B)(ii) — Congress meant only to foreclose judicial review of "ultimate" discretionary decisions, not ancillary legal and procedural errors committed in the course of an agency's adjudication. *See* Rodriguez Br. 15-39. Rodriguez's argument is, however, substantially undermined not only by the language of Section 1252(a)(2)(B)(ii), but also by the Supreme Court's recent decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022), which rejected such an argument in the analogous context of Section 1252(a)(2)(B)(i). Moreover, the supposed non-discretionary legal errors identified by Rodriguez are, in reality, thinly-veiled disputes over the manner in which USCIS weighed the available evidence and exercised its discretion. Accordingly, the district court did not have jurisdiction to review USCIS's discretionary denial of Rodriguez's application for a waiver of inadmissibility.

### 1. Section 1252(a)(2)(B) prohibits judicial review of denials of discretionary relief, including decisions concerning waivers of inadmissibility

As outlined above, a U visa petitioner must either be admissible to the United States or be granted a waiver of inadmissibility. 8 U.S.C. § 1182(d); *see also* Rodriguez Br. 6. Rodriguez requested a waiver of inadmissibility under two provisions: 8 U.S.C. § 1182(d)(3)(A)(ii), which allows (but does not require) an inadmissible noncitizen to be temporarily admitted "as a nonimmigrant in the discretion of the Attorney General"; and 8 U.S.C. § 1182(d)(14), which allows (but does not require) the Secretary of Homeland Security to waive the grounds of inadmissibility for a U visa petitioner if

16

the Secretary "considers it to be in the public or national interest to do so." The plain language of both provisions makes clear that the Attorney General and the Secretary of Homeland Security maintain discretionary authority over the adjudication of waivers of inadmissibility.[6]

Congress has largely insulated discretionary agency decisions in the immigration sphere from judicial review. *See Patel*, 142 S. Ct. at 1619 ("Congress has sharply circumscribed judicial review of the discretionary-relief process" under the INA). Pursuant to 8 U.S.C. § 1252(a)(2)(B), titled "Denials of discretionary relief," courts do not have jurisdiction to review denials of discretionary relief — irrespective of whether they arise in the context of removal proceedings:

(B) Denials of discretionary relief

   Notwithstanding any other provision of law (statutory or nonstatutory), . . . , and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

(i)   any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229(b), 1229c, or 1255 of this title, or

(ii)  any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

---

[6]   *See supra* n.2.

And while Congress did create an exception for judicial review "of constitutional claims or questions of law," that exception is expressly cabined to "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D).

In short, "[f]ederal courts have a very limited role to play" under Section 1252(a)(2)(B). *Patel*, 142 S. Ct. at 1618. Judicial review is generally not available over any judgment, decision or action that is left in the discretion of the Attorney General or Secretary of Homeland Security. *See* 8 U.S.C. § 1252(a)(2)(B)(ii).

Under either Section 1182(d)(3) or Section 1182(d)(14), the decision to grant an inadmissibility waiver is discretionary. *See* 8 U.S.C. § 1182(d)(3)(A)(ii) (explaining that an inadmissible individual "may be admitted into the United States temporarily as a nonimmigrant *in the discretion* of the Attorney General" (emphasis added)); 8 U.S.C. § 1182(d)(14) ("The Secretary of Homeland Security, *in* [*his*] *discretion*, *may* waive the application of subsection (a) . . . in the case of a nonimmigrant [seeking a U visa] *if the Secretary of Homeland Security considers it to be in the public or national interest to do so.*" (emphases added)).

While this Court has not yet addressed the specific language of 8 U.S.C. §§ 1182(d)(3)(A) or 1182(d)(14), it has held that analogous provisions of the INA are committed to the discretion of the Attorney General or Secretary of Homeland Security and, consequently, fall within Section 1252(a)(2)(B)(ii)'s jurisdictional bar. For example, in *Saloum v. USCIS*, 437 F.3d 238, 242-43 (2d Cir. 2006), this Court

determined that the denial of an inadmissibility waiver under Section 1182(d)(11) was unreviewable because it hinged on a discretionary decision by the Attorney General. The Court explained that "[b]y its express terms, the waiver of inadmissibility sought by Saloum under 8 U.S.C. § 1182(d)(11) entailed a request for discretionary relief, inasmuch as the statutory provision . . . specifies that "[t]he Attorney General *may*, *in his discretion* for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive" a ground of inadmissibility. *Id.* Similarly, in *Ahmed v. Holder*, 624 F.3d 150, 153 (2d Cir. 2010), this Court held that the denial of a deportability waiver under Section 1227(a)(1)(H) was unreviewable because the decision was left to "the discretion of the Attorney General" and therefore "unambiguously f[ell] within the jurisdiction-stripping provision of section 1252(a)(2)(B)(ii)."

Other courts have reached the same conclusion. Earlier this year, the Ninth Circuit affirmed a district court decision concluding that Section 1252(a)(2)(B)(ii) stripped jurisdiction over the plaintiff's claim that USCIS erroneously denied his application for a waiver of inadmissibility in connection with his petition for a U visa. *See Vega v. USCIS*, 65 F.4th 469, 470-71 (9th Cir. 2023).[7] Multiple district courts confronting the issue have likewise concluded that the unambiguous language of

---

[7]    The Ninth Circuit noted that the plaintiff had abandoned his argument that Section 1182(d)(14) provides a basis for federal jurisdiction. *Id.* at 471 n.1.

Section 1252(a)(2)(B)(ii) abrogates judicial review of denials of inadmissibility waivers. *See, e.g.*, *Jin Li v. Mayorkas*, 537 F. Supp. 3d 408, 412-13 (E.D.N.Y. 2021) (finding no jurisdiction because inadmissibility waivers lie within the discretion of the Attorney General and Secretary of Homeland Security under both Section 1182(d)(3)(A) and Section 1182(d)(14)); *Patel v. Whitaker*, No. 19-cv-4, 2019 WL 13214126, at *3 (N.D. Ga. Sept. 16, 2019) ("Congress has expressly precluded judicial review of waiver applications."); *Solorzano v. Sessions*, No. 18-cv-25, 2018 WL 1811792, at *4 (N.D. Cal. Apr. 17, 2018) ("Because the decision of whether to grant [p]etitioner's application for a waiver of the inadmissibility requirement for U nonimmigrant status falls within the discretion of the Secretary of Homeland Security and/or the Attorney General, judicial review of that decision is precluded under 8 U.S.C. § 1252(a)(2)(B)(ii)."). This Court should reach the same conclusion.

> **a.** **Rodriguez cannot manufacture jurisdiction by alleging that USCIS committed "non-discretionary" errors in the course of denying his inadmissibility waiver**

Rodriguez does not meaningfully contest that the discretionary denial of an inadmissibility waiver under either Section 1182(d)(3) or Section 1182(d)(14) is unreviewable pursuant to Section 1252(a)(2)(B). *See* Rodriguez Br. 17 n.5. Instead, Rodriguez attempts to generate jurisdiction by identifying allegedly "non-discretionary" errors committed by USCIS in the course of its decision denying his application for an inadmissibility waiver. *Id.* at 15-39. In other words, Rodriguez

maintains that while courts may not have jurisdiction to review USCIS's ultimate decision to grant or deny an inadmissibility waiver application, courts do retain jurisdiction over USCIS's underlying, non-discretionary determinations. *Id.* He argues that USCIS made four such errors: first, that USCIS failed to assess his application for a waiver of inadmissibility under both Section 1182(d)(3)(A) and Section 1182(d)(14), Rodriguez Br. 15-29; second, that USCIS ascribed too much weight to an allegedly uncorroborated police report, *id.* 36; third, that USCIS ignored evidence of his rehabilitation, *id.* 36-37; and fourth, that USCIS required him to produce corroborating evidence that is unavailable, *id.* 37.

Rodriguez's arguments stand in significant tension with the reasoning of the Supreme Court's in *Patel*. Patel sought review of a decision by USCIS denying his application for an adjustment of status. 142 S. Ct. at 1619-20. USCIS had found that Patel was inadmissible to the United States because he had falsely represented that he was a United States citizen. *Id.* Once in removal proceedings, Patel argued that his misrepresentation was inadvertent and that he was therefore eligible for adjustment of status. *Id.* at 1620. After an evidentiary hearing, an immigration judge declined to credit Patel's explanation and ordered his removal. *Id.* Patel then petitioned for review to the Court of Appeals for the Eleventh Circuit, arguing that any reasonable judge would have been compelled to conclude that his testimony was credible and that he had simply made a mistake on his driver's license application. *Id.* The court held,

initially and *en banc*, that it lacked jurisdiction to hear Patel's claims because the factual determinations for which Patel sought review were each a "judgment regarding the granting of relief" under Section 1255, which is one of the statutory provisions enumerated within Section 1252(a)(2)(B)(i). *Id.* at 1620-21.

The Supreme Court affirmed that decision, adopting a broad interpretation of Section 1252(a)(2)(B)(i). *Id.* at 1622. In reaching its conclusion, the Supreme Court explained that Section 1252(a)(2)(B)(i) did "not restrict itself to certain kinds of decisions." *Id.* To the contrary, its sweeping language encompassed *any* judgment regarding the granting of relief under Section 1255 and other enumerated provisions, including non-discretionary factual findings made in furtherance thereof. *Id.* The Supreme Court further recognized, in *dicta*, that its interpretation of Section 1252(a)(2)(B) could result in "precluding all review of USCIS denials of discretionary relief." *Id.* at 1626. Nevertheless, the Court emphasized that "policy concerns cannot trump the best interpretation of the statutory text." *Id.* at 1626-27.

Although *Patel* focused on Section 1252(a)(2)(B)(i), its reasoning applies with equal force to Section 1252(a)(2)(B)(ii). Indeed, the jurisdiction-stripping language in Section 1252(a)(2)(B)(ii) is arguably even broader. Whereas Section 1252(a)(2)(B)(i) bars judicial review for "any judgment regarding the granting of relief" under certain enumerated provisions, Section 1252(a)(2)(B)(ii) bars judicial review of "any *other decision or action* of the Attorney General or the Secretary of Homeland Security the

authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." (emphasis added). As multiple courts have concluded, the terms "decision" and "action" in Section 1252(a)(2)(B)(ii) are at least as broad, if not broader, than the "judgment" referred to in Section 1252(a)(2)(B)(i). *See, e.g.*, *Azatullah v. Mayorkas*, No. 20-cv-1069, 2023 WL 5935028, at *5 (S.D.N.Y. Sept. 12, 2023) (noting that the language in Section 1252(a)(2)(B)(ii) "appears designed to ensure statutory decisions and actions similar in type to the ones listed in subclause (i) are also barred from judicial review"); *Morina v. Mayorkas*, No. 22-cv-2994, 2023 WL 22617, at *9-10 (S.D.N.Y. Jan. 3, 2023) (same). Nor does Section 1252(a)(2)(B)(ii) "require the 'decision or action' itself be discretionary. . . . Rather, it 'strips courts of the jurisdiction to review decisions that are *statutorily specified to be in the discretion* of the Attorney General or the Secretary of Homeland Security." *Morina*, 2023 WL 22617, at *10 (citation omitted). Thus, following the Supreme Court's guidance in *Patel*, "the plain language of Section 1252(a)(2)(B)(ii) clearly precludes judicial review of discretionary *and* non-discretionary determinations." *Azatullah*, 2023 WL 5935028, at *5.

Rodriguez largely ignores the import of *Patel*, focusing instead on this Court's decisions in *Mantena v. Johnson*, 809 F.3d 721 (2d Cir. 2015), *Sharkey v. Quarantillo*, 541 F.3d 75 (2d Cir. 2008), and *Firstland Int'l, Inc. v. U.S.I.N.S.*, 377 F.3d 127 (2d Cir. 2004). Rodriguez Br. 18-22. Rodriguez maintains that those decisions collectively

establish that while courts may not exercise jurisdiction over an agency's "substantive discretionary decision," they may review an agency's "procedural" non-discretionary decisions. *See* Rodriguez Br. 17-39.

Rodriguez's argument falters at the start. Unlike in *Mantena*, *Sharkey*, and *Firstland*, Rodriguez does not cite a non-discretionary statutory requirement that USCIS has allegedly violated. *See Azatullah*, 2023 WL 5935028, at *7 n.9. Rather, Rodriguez maintains that USCIS violated Section 1182(d)(14) by purportedly not considering the national or public interest when adjudicating his inadmissibility waiver. Rodriguez Br. 20-22. But Section 1182(d)(14) is *itself* discretionary. It allows — but does not require — the Secretary of Homeland Security to grant a waiver of inadmissibility if *he* — not a court — finds that it would be in "the public or national interest to do so." 8 U.S.C. § 1182(d)(14). Section 1182(d)(14) therefore cannot provide a non-discretionary hook to evade Section 1252(a)(2)(B)(ii). *See Nouritajer*, 18 F.4th at 89 ("Plaintiffs seek to litigate the substantive basis for USCIS's decision . . . not a failure to comply with statutorily mandated procedures."). Furthermore, to the extent that *Mantena*, *Sharkey*, and *Firstland* stand for the proposition that courts may review ancillary determinations relating to decisions or actions left to the Secretary of Homeland Security's discretion, they would not survive *Patel*'s reasoning. *See Agyapomaa v. Mayorkas*, --- F. Supp. 3d ---, 2023 WL 4205144, at *5 n.3

24

(D. Conn. June 27, 2023) (questioning, but not deciding, whether *Sharkey* remains good law following *Patel*).

Similarly, Rodriguez's invocation of this Court's decision in *Sepulveda v. Gonzales*, 407 F.3d 59 (2d Cir. 2005), is unavailing. Rodriguez Br. 31. In *Sepulveda*, the Court concluded that it had jurisdiction, in the context of a petition for review, to consider "nondiscretionary, or purely legal, decisions" regarding eligibility for cancellation of removal. 407 F.3d at 59, 63. This case is not, however, before this Court on a petition for review. And, like *Mantena*, *Sharkey*, and *Firstland*, *Sepulveda* concerned a non-discretionary eligibility determination rather than an exercise of discretion conferred by statute. Indeed, *Sepulveda* "turned on the alleged difference between discretionary and nondiscretionary determinations that *Patel* rejected." *Abuzeid v. Mayorkas*, 62 F.4th 578, 584 n.4 (D.C. Cir. 2023); *Azatullah*, 2023 WL 5935028, at *6 ("[T]he reasoning of *Sepulveda* has been wholly undermined by *Patel*.").

In any event, and contrary to Rodriguez's framing of the issues, the supposed "non-discretionary" errors committed by USCIS are nothing more than a challenge to its ultimate, discretionary decision.

First, Rodriguez claims that USCIS failed to consider his waiver application under (d)(14) in addition to under (d)(3). *See* Rodriguez Br. 17-29. But USCIS *did* consider — and denied — Rodriguez's application under Section 1182(d)(14), as the

25

record reflects. JA 19-20, 22, 29. Indeed, USCIS quoted the language of Section 1182(d)(14) and explicitly noted that U visa petitioners seeking a waiver of inadmissibility must demonstrate that a favorable exercise of discretion is warranted under that provision. JA 19-20. It also concluded that "the record does not establish that a discretionary decision to waive the grounds of inadmissibility for purposes of a nonimmigrant admission would be in the public or national interest as detailed above." JA 29. In his brief, Rodriguez argues at length that USCIS did not elucidate the precise standards by which it assessed his application for an inadmissibility waiver under Section 1182(d)(14) or sufficiently distinguish its analysis from that used in assessing an application for an inadmissibility waiver under Section 1182(d)(3)(A). *See* Rodriguez Br. 17-29. But — even if, *arguendo*, Section 1182(d)(14) contains any judicially manageable standards at all — it vests the Secretary of Homeland Security with *discretion* to grant or deny an inadmissibility waiver sought under Section 1182(d)(14). Rodriguez's broadside is nothing more than "a disagreement with the outcome of [that] lawful exercise of discretion," which does not confer jurisdiction. *Ahmed*, 624 F.3d at 154; *see also Nouritajer*, 18 F.4th at 89 ("Plaintiffs cannot end-run [the Section 1252(a)(2)(B)] jurisdictional bar by artfully framing a challenge to the

agency's substantive decision as a procedural claim.").[8] Because USCIS did assess the favorable and adverse factors to determine whether granting a waiver of inadmissibility under Section 1182(d)(14) was warranted in the exercise of discretion, Rodriguez has not identified a colorable procedural error.

Second, Rodriguez claims that USCIS committed a non-discretionary error by "heavily relying on statements in uncorroborated police reports and charging documents." Rodriguez Br. 36. But, as Rodriguez's own framing of the issue makes clear, this is a challenge to USCIS's weighing of evidence, which is plainly barred

---

[8]     Both sets of *Amici* make essentially the same argument as Rodriguez, namely, that Congress must have created two distinct discretionary standards in 1182(d)(3) and (d)(14), and that USCIS's supposed failure to apply both standards is reviewable notwithstanding Section 1252(a)(2)'s jurisdictional bar. *See generally* Amici Curiae Brief of ASISTA and Tahirih Justice Center, Dkt. No. 47; Amici Curiae Brief of Brooklyn Defender Services, The Legal Aid Society, and Prisoners' Legal Services of New York, Dkt. No. 87. As set forth above, however, USCIS *did* consider both standards in adjudicating Rodriguez's application for a waiver of inadmissibility. JA 19-20, 22, 29. In any case, *Amici's* claim that Congress must have envisioned a *different* discretionary standard in Section 1182(d)(14) does nothing to overcome the unavailability of judicial review of the agency's discretionary decision. *Amici's* argument is further undermined by Section 1182(d)(14)'s text, which states that the Secretary "may" — not "must" — exercise his discretion to grant a waiver of inadmissibility if he finds it in the public or national interest to do so. Thus, even if Section 1182(d)(14) contemplates a different discretionary standard than Section 1182(d)(3), the Secretary is entitled in *his discretion* to deny a waiver application under Section 1182(d)(14) regardless of whether he finds a "public or national interest" in adjudicating the application. Finally, *Amici* do not acknowledge — let alone distinguish — the Supreme Court's decision in *Patel*, which unambiguously held that "policy concerns" such as those raised by *Amici* "cannot trump the best interpretation of [Section 1252(a)(2)(B)'s] statutory text." *Patel*, 142 S. Ct. at 1626-27.

under Section 1252(a)(2)(B)(ii). *See Saloum*, 437 F.3d at 243-44; *Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006). Rodriguez's claim is also belied by the record, as USCIS's decision specifically noted there was corroboration of the 2016 and 2018 charges. JA 27.

Third, Rodriguez argues that USCIS committed error by ignoring evidence of his rehabilitation, in particular his purported remorse over an earlier DUI and his completion of court-mandated Alcoholics Anonymous classes. *See* Rodriguez Br. 36-37. Again, Rodriguez's challenge is to the manner in which USCIS weighed the available evidence, which is not reviewable. Moreover, the record flatly contradicts Rodriguez's contention. In its January 16, 2019 decision, USCIS expressly "acknowledge[d]" Rodriguez's "claimed efforts at self-improvement" but noted that, "given [his] subsequent arrests and convictions, the record does not establish full rehabilitation." JA 29; *see also* JA 23-24.

Finally, Rodriguez contends that USCIS committed a non-discretionary error by holding him to a heightened burden of proof and requiring him to produce corroborating evidence in support of his claim. *See* Rodriguez Br. 37-38. Once again, Rodriguez's claim is a "dress[ed] up" attack on USCIS's discretionary weighing of evidence. *Saloum*, 437 F.3d at 244 (quoting *United States v. Garcia*, 166 F.3d 519, 522 (2d Cir. 1999)). USCIS did not hold Rodriguez to an excessive burden or force him to produce particular evidence. Rather, USCIS considered and weighed all the evidence

submitted by Rodriguez concerning his arrests and rehabilitation, along with the other evidence in the record, and determined that the evidence adduced by Rodriguez did not warrant a favorable exercise of discretion based on that record. JA 27-29. The outcome of USCIS's discretionary weighing is not subject to judicial review. *See Avendano-Espejo v. Department of Homeland Security*, 448 F.3d 503, 505-06 (2d Cir. 2006) (no jurisdiction to review discretionary denial of 8 U.S.C. § 1182(c) waiver despite the petitioner's contention that the agency "applied an 'excessive' and 'erroneous legal standard' by requiring the petitioner to show 'unusual or outstanding equities.'").

      **b.**      **The district court lacked jurisdiction over the supposed legal errors cited by Rodriguez because Section 1252(a)(2)(D) only preserves judicial review of legal or constitutional claims raised in a petition for review**

Even if, *arguendo*, Rodriguez could identify legal errors committed by USCIS in the course of adjudicating his application for a waiver of inadmissibility, those errors would be reviewable only "upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Therefore, judicial review of those errors was not available in the district court. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013). And, because Rodriguez is before this Court on an appeal from the district court's judgment, rather than through a petition for review, *this Court* also lacks jurisdiction to review the alleged errors. *See id.*

29

Rodriguez does not mention Section 1252(a)(2)(D) or *Shabaj* in his brief, but both are directly on point. In *Shabaj*, as in this case, the plaintiff attempted to challenge the denial of a waiver of inadmissibility (there, under Section 1182(i)(1)) in the district court by alleging that USCIS committed legal errors in its adjudication. 718 F.3d at 50. The district court dismissed his claim for lack of subject-matter jurisdiction because Section 1252(a)(2)(D) only permits judicial review over questions of law "upon a petition for review filed with an appropriate court of appeals." *Id.* This Court affirmed, explaining that "while *this court* would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not . . . ." *Id.* at 51.

Notably, the *Shabaj* Court dismissed concerns that its decision might leave certain determinations unreviewable because USCIS "determinations are not made as part of removal proceedings." *Id.* 51 n.5. Without deciding "whether a petitioner could file a 'petition for review' of a [US]CIS hardship determination," the Court concluded that the district court "indisputably lacked jurisdiction under § 1252." *Id.*; *see also Nouritajer*, 18 F.4th at 90 n.1 (noting that "the statutory exception set forth in § 1252(a)(2)(D) d[id] not apply" where the Court "was not presented with a 'petition for review' over a final order of removal"). That decision aligns with the Supreme Court's decision in *Patel*, which also acknowledged that its construction of Section 1252(a)(2)(B) may "preclud[e] all review of USCIS denials of discretionary relief"

30

because Section 1252(a)(2)(D) "preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal." 142 S. Ct. at 1626-27. Nevertheless, the Court continued, "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.*[9]

## B. Judicial Review of the Denial of Rodriguez's Application for a Waiver of Inadmissibility Also is Foreclosed by 5 U.S.C. § 701(a)(2)

The APA does not provide a basis for judicial review where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Here, agency action under both Section 1182(d)(3)(A) and Section 1182(d)(14) are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The language of both Sections 1182(d)(3)(A) and 1182(d)(14) unambiguously "commit[] to agency discretion" the decision whether to grant or deny an application for a waiver of inadmissibility.

In addition, neither provision offers any guideposts or criteria for judicial review. *See Lunney v. United States*, 319 F.3d 550, 558 (2d Cir. 2003). That is particularly true of Section 1182(d)(14), which allows — but, again, does not require — the Secretary of Homeland to waive inadmissibility "if [he] considers it to be in the public or national interest to do so." 8 U.S.C. § 1182(d)(14). In fact, multiple

---

[9]     Notably, Rodriguez has previously been in removal proceedings and filed petitions for review in connection with those proceedings. *See* JA 11 ¶ 32; *Rodriguez v. Barr*, 943 F.3d 134 (2d Cir. 2019).

appellate courts have found, in the related context of 8 U.S.C. § 1153(b)(2)(B)(i), that determinations concerning the "national interest" are unreviewable as committed to agency discretion by law because the term "national interest" involves considerations that are solely within the purview of the Executive Branch. *See, e.g.*, *Brasil v. Secretary of Homeland Security*, 28 F.4th 1189, 1193 (11th Cir. 2022) (collecting cases); *Mousavi v. USCIS*, 828 F. App'x 130, 132-33 (3d Cir. 2020) (Attorney General's authority to waive employment requirement if he "deems it to be in the national interest" puts "no limits on the Attorney General's discretion" or "set[s] forth any guideposts"); *Poursina v. USCIS*, 936 F.3d 868, 874 (9th Cir. 2019) ("[T]he 'national interest' standard invokes broader economic and national-security considerations, and such determinations are firmly committed to the discretion of the Executive Branch — not to federal courts."); *Zhu v. Gonzales*, 411 F.3d 292, 295-96 (D.C. Cir. 2005) ("[T]he Attorney General in any particular case may 'deem' a waiver of the requirement to be in the 'national interest,' which determination calls upon his expertise and judgment unfettered by any statutory standard whatsoever."); *see also*

*Flores v. Garland*, 72 F.4th 85, 88 (5th Cir. 2023) ("we join our fellow circuits in holding that a jurisdictional bar applies to national-interest waiver denials").[10]

**C.    The District Court Correctly Held That Rodriguez Had Failed to State a Claim With Respect to the Denial of His U Visa Petition; His Continued Inadmissibility Renders Him Ineligible for a U Visa as a Matter of Law**

Rodriguez does not dispute that he would be ineligible for a U visa without first receiving a waiver of inadmissibility. *See* Rodriguez Br. 40. Nor does he dispute that his inadmissibility waiver was denied by USCIS, thereby rendering him ineligible for a U visa. *See id*. It therefore follows that Rodriguez is not entitled to a U visa as a matter of law. *See Jin Li*, 537 F. Supp. 3d at 414 ("Here, because USCIS denied plaintiff's I-192 and plaintiff was inadmissible, the agency was statutorily required to deny plaintiff's I-918" U visa petition). Rodriguez nonetheless contends that because

---

[10]    Rodriguez contends in passing that USCIS's errors "violate the *Accardi* doctrine and may be reviewed by the District Court notwithstanding § 1252(a)(2)(B)(ii)." Rodriguez Br. 36-39. Specifically, Rodriguez appears to contend that USCIS's consideration of an allegedly uncorroborated police report, its refusal to fully credit Rodriguez's claim of rehabilitation, and its request that Rodriguez produce corroborating evidence, were inconsistent with agency precedent and, therefore, problematic under the principles articulated in *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). As an initial matter, the *Accardi* doctrine generally requires an agency "to follow its own regulations or procedures." *United States v. Schiller*, 81 F.4th 64, 71 (2d Cir. 2023); *see also Saleh v. Blinken*, 2023 WL 5091819, at *2 (2d Cir. Aug. 9, 2023) (describing *Accardi* doctrine as implicated where an agency fails to comply "with its own regulations"). But even if Rodriguez could premise an *Accardi* argument merely on USCIS's alleged failure to adhere to agency precedent, Section 1252(a)(2)(D) requires that "review of constitutional claims or questions of law," including any purported due process violations, be "raised upon a petition for review filed with the appropriate court of appeals[.]" *See also Shabaj*, 718 F.3d at 51.

he *may* file another application for a waiver of inadmissibility in the future, and because USCIS *may* grant that yet-to-be-filed application, the district court should have waded into the merits of Rodriguez's U visa petition and analyzed whether he was the victim of a qualifying crime within the meaning of 8 U.S.C. § 1182(a)(15)(U). Rodriguez Br. 40-41.

Rodriguez is wrong. As an initial matter, there is no guarantee (or even likelihood) that any of Rodriguez's hypotheticals will come to pass. Rodriguez does not claim to have a new application for a waiver of inadmissibility pending, nor has he identified why any new waiver application would be favorably adjudicated in light of the existing denial. Rodriguez's suggestion that this Court assume, without basis, that USCIS will grant a potential future inadmissibility waiver application is therefore unmoored from the record. More to the point, it flies in the face of bedrock Article III principles by inviting the Court to issue an advisory opinion on the scope of Section 1182(a)(15)(U). *See, e.g., Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("federal courts established pursuant to Article III of the Constitution do not render advisory opinions") (citation omitted); *Flast v. Cohen*, 392 U.S. 83, 94-96 (1968) (same); *United States v. Vale*, 566 F. App'x 56, 57 (2d Cir. 2014). That is because, even if the district court agreed with Rodriguez's preferred construction of Section 1182(a)(15)(U), it would do him no good: Rodriguez remains inadmissible and therefore ineligible for a U visa as a matter of law.

In any event, courts routinely affirm agency decisions where at least one of the grounds identified in its decision were valid. *See, e.g.*, *Fogo De Chao (Holdings) Inc. v. USDHS*, 769 F.3d 1127, 1149 (D.C. Cir. 2014) ("Where, as here, an agency has set out multiple independent grounds for a decision, we will affirm the agency so long as any one of the grounds is valid[.]") (internal quotation marks and citation omitted)); *AES Sparrows Point LNG, LLC v. Wilson*, 589 F.3d 721, 730 (4th Cir. 2009) (affirming agency decision where one of multiple grounds cited by agency was upheld); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006) (explaining that courts should affirm agency decisions if "error-free" portion of decision is sufficient). Here, the district court correctly held that it lacked subject-matter jurisdiction to review the denial of Rodriguez's application for a waiver of inadmissibility, and also correctly held that Rodriguez had failed to state a claim with respect to the denial of his U visa petition because he is inadmissible. The district court would have reached the same conclusion — dismissal of the complaint in full — even if it had acceded to Rodriguez's request for an advisory opinion on the construction of Section 1182(a)(15)(U).

## CONCLUSION

This Court should affirm the judgment of the district court.

Dated:   Brooklyn, New York
         October 24, 2023

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

VARUNI NELSON
CHRISTOPHER D. VOLPE
Assistant U.S. Attorneys
      (Of Counsel).

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

RODRIGUEZ v. MAYORKAS                    Docket No. 23-435

### Certificate of Compliance Pursuant to Fed. R. App. P. 32(g)

I, Christopher D. Volpe, certify that the Brief for the Defendants-Appellees,

dated October 24, 2023, complies with the requirements of Rule 32(a)(7)(B) of the

Federal Rules of Appellate Procedure, in that it contains 8,446 words.

Dated:   Brooklyn, New York
         October 24, 2023


                              CHRISTOPHER D. VOLPE
                              Assistant United States Attorney

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

RODRIGUEZ v. MAYORKAS                    Docket No. 23-435

_____

## DECLARATION OF SUBMISSION OF PAPER COPIES

I, _____, hereby declare that, on October 24, 2023,

the BRIEF FOR THE DEFENDANTS-APPELLEES, which were electronically

filed and served via CM/ECF, also were submitted by hand delivery (6 copies of

each) to the Court of Appeals for the Second Circuit.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that

the foregoing is true and correct.

Dated:    New York, New York
          October 24, 2023

                                        _____

                                        Record Press